UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY T. JAMES,<br><br>    Petitioner,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>    Respondents. | Case No. 23-mc-80236-PHK<br><br>**ORDER SETTING DEADLINES RE SERVICE AND CONSENT OR DECLINATION TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE** |

    Petitioner Larry T. James ("Mr. James") brings this miscellaneous action, pursuant to 26 U.S.C. § 7609(b), seeking to quash a third-party summons issued by the Internal Revenue Service ("IRS") to U.S. Bank National Association ("USB") in connection with the IRS's audit investigation into L&M Equipment, LLC ("L&M"), an equipment leasing company that is wholly owned by Mr. James. [Dkt. 1-5]. Mr. James claims that the IRS's summons to USB, which seeks "certain bank records related to [Mr. James] for the calendar year ending December 31, 2023," is "entirely overbroad" and "constitutes an abuse of power." *Id.* at 2-4. Mr. James petitions this Court to order the IRS and USB (collectively, "Respondents") "to appear before this honorable Court and show cause as to why this Court should not quash the Summons herein involved and/or limit it [to] the L&M account ending in 2203, or at a minimum to exclude the personal bank

accounts of [Mr. James] and his family and children." *Id.* at 5.

The resolution of a petition to quash an IRS summons is a case dispositive decision. *See Strong v. United States*, 57 F. Supp. 2d 908, 913-14 (N.D. Cal. 1999) (A petition to quash an IRS summons is "analogous to a dispositive motion. Once the petitions are decided, the matter is over. Unlike a discovery motion, petitions to quash summonses are not ancillary to a larger proceeding. They are the entire proceeding."). Absent the consent of all Parties, this Court lacks jurisdiction to hear and rule on the petition at issue here. *See* 28 U.S.C. § 636(c)(1); *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017); *see, e.g.*, *Stenshoel-Sousa v. United States*, No. 16-mc-80009-LB, 2016 WL 2962891, at *1 (N.D. Cal. Apr. 7, 2016) ("The petition to quash, a summons-enforcement order, and the motion to dismiss require the parties' consent to magistrate-judge jurisdiction before the court can enter an order."). There is no indication whether Mr. James's counsel has communicated with counsel for the Respondents regarding this matter.

Accordingly, no later than **October 3, 2023**, Mr. James shall serve on each of the Respondents the following documents: (1) a copy of the Petition (including all supporting documents attached thereto); (2) a copy of this Order; (3) copies of this Court's Standing Orders (which are now applicable to this case and are all available on the Court's website); and (4) a copy of the standardized "Consent or Declination to Magistrate Judge Jurisdiction" form, which is available at: https://cand.uscourts.gov/mj_consent-declination_form_10-2020/. The Parties shall review and be familiar with this Court's Standing Order for Civil Cases, in particular Section IV relating to the noticing of civil motions. The Parties shall further review and comply with this Court's Standing Order for Discovery, particularly Section H relating to discovery disputes.

The Court sets **October 10, 2023** as the current operative deadline within which each of the Parties shall file with the Court a "Consent or Declination to Magistrate Judge Jurisdiction" form, indicating whether each Party consents to or declines magistrate judge jurisdiction in this matter. Any Party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences. Fed. R. Civ. P. 73(b)(2). If the Court does not have consent from all Parties by **October 10, 2023**, the Court will take appropriate next steps, including convening a status conference, requiring regular status reports, and up to considering reassignment

of this matter to a district judge.

The Parties are further reminded of their obligations under Civil L.R. 11-4 regarding compliance with the standards of professional conduct, as well as the Court's Standing Order for Civil Cases, Section I, regarding compliance with the Northern District of California's Guidelines for Professional Conduct. The Court further encourages the Parties to consider how to implement best effective practices regarding the issues detailed in Section XI of the Court's Standing Order for Civil Cases, concerning Practice Development for Members of the Bar.

**IT IS SO ORDERED.**

Dated: September 26, 2023

_____
PETER H. KANG
United States Magistrate Judge